IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA     Plaintiff-Appellee

V.     CASE NO.: 3:96CR61
FIFTH CIRCUIT NO.: 06-60303

ANDRE JORDAN JOHNSON     Defendant-Appellant

## ORDER

This matter comes before the court on limited remand from the Fifth Circuit for fact finding solely on the question of whether Andre Jordan Johnson was advised of his right to seek certiorari by his appellate attorney, Luanne Stark Thompson. Having considered the arguments of both parties' counsel, and the testimony of Mrs. Thompson and Mr. Johnson, the court rules as follows.

**Facts and Procedural Posture**

On November 08, 1996, Andre Jordan Johnson was found guilty of one count of conspiracy to distribute in excess of 200 pounds of marijuana and one count of possession with intent to distribute in excess of 200 pounds of marijuana. On January 27, 1997, he was sentenced to 262 months for each count, to be served concurrently. On October 02, 1997, the Fifth Circuit affirmed his conviction and sentence. He did not request certiorari.

In January of 2000, Johnson filed a motion to vacate his sentence under 28 U.S.C. § 2255. On October 15, 2004, his motion to vacate was denied. Johnson appealed the district court's denial of *habeas corpus* relief arguing that his appellate counsel, Luanne Thompson, never informed him of his right to seek certiorari in the Supreme Court after his sentence was

1

affirmed by the Fifth Circuit on direct appeal. *See United States v. Johnson*, 253 F.3d 706 (5th Cir. 2001). On April 17, 2008, the Fifth Circuit ordered a limited remand for fact finding solely on the question of whether Thompson advised Johnson of his right to seek a writ of certiorari. On July 15, 2008, this court conducted a hearing in which both appellant and appellee presented argument, and Mrs. Thompson and Mr. Johnson testified.

## Analysis

The respondent in a *habeas corpus* petition is required to prove its account of a factual issue by a preponderance of the evidence. *Sumner v. Mata*, 449 U.S. 539 (1981). The government has failed to satisfy its burden of proof in this case for three primary reasons: first, Mrs. Thompson has no firm recollection of writing a letter to Mr. Johnson informing him of his right to certiorari; second, she could not produce any documents where she advised Mr. Johnson of his right to certiorari; and, third, Mr. Johnson testified that he did not know of his right to appeal to the Supreme Court.

In *Lacaze v. United States*, the Fifth Circuit determined that it was incumbent upon an appellate attorney after any adverse decision on appeal to advise the party represented "in writing of his right to seek review of such decision by the filing of a petition for writ of certiorari with the Supreme Court of the United States." *Lacaze v. United States*, 457 F.2d 1075, 1076 n.1 (5th Cir. 1972). Mr. Johnson alleges that he was never informed of this right by his counsel, Mrs. Thompson. During the hearing conducted on July 15, Mr. Johnson testified that during his multiple conversations with Mrs. Thompson, after his conviction was affirmed by the Fifth Circuit, she only discussed the possibility of collaterally attacking his conviction with a § 2255

motion. He further testified that he had kept both letters that Mrs. Thompson had written to him and that neither had advised him of his right to Supreme Court review.

Although Mrs. Thompson admits that she has no recollection of whether she advised Mr. Johnson of his right to certiorari in writing, she claims that she undoubtedly discussed the option with him many times over the phone, ultimately concluding that the best challenge to his sentence was a § 2255 motion alleging ineffective assistance of counsel. Mrs. Thompson, however, was required to inform Mr. Johnson of his rights in writing, regardless of her opinion that an appeal to the Supreme Court would be ineffective and inappropriate. *See Lacaze*, 457 F.2d 1080 (*J. Douglas concurring*, "There may well be instances where the remedy sought is inappropriate . . . . The statute does not, however, permit an indigent's right to be conditioned upon the fortuity of whether a lawyer believes [the Supreme Court] will grant his petition").

Under the standard set by *Sumner v. Mata*, the government is required to prove that Mrs. Thompson informed the petitioner of his rights by a preponderance of the evidence; however, neither she nor the government provided any evidence that she discussed any possibilities beyond post-collateral relief with Mr. Johnson.

Accordingly, the court finds that the government has failed to meet its burden of proof to dispute Mr. Johnson's allegations. For this reason, the court finds that Mr. Johnson was never informed in writing of his right to seek Supreme Court review, and the court directs the clerk of the court to return this case to the Fifth Circuit.

So **ORDERED**, this the 16th day of July, 2008.

> /s/ MICHAEL P. MILLS
> **CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**
> **NORTHERN DISTRICT OF MISSISSIPPI**